# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN KEITH SPIVEY, | ) | |
|     **Plaintiff,** | ) | Civil Action No. 7:14cv00025 |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAYSI ADULT DETENTION FACILITY/ | ) | |
| SOUTHWEST VIRGINIA REGIONAL JAIL | ) | By: Norman K. Moon |
| AUTHORITY, *et al.*, | ) | United States District Judge |
|     **Defendants.** | ) | |

Plaintiff, Brian Keith Spivey, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the "Haysi Adult Detention Facility/Southwest Virginia Regional Jail Authority" and the "Lynchburg Adult Detention Facility/Blue Ridge Regional Jail Authority." Spivey alleges that he has was transferred from Lynchburg Adult Detention Facility ("LADF") to Haysi Adult Detention Facility ("HADF") and that his personal property was not transferred with him. He also alleges that, while at HADF, he is being charged for housing, personal hygiene, medical, medications, and copies of legal papers despite him being "property of [the] Virginia Department of Corrections. I find that the HADF and LADF are not proper defendants to a § 1983 action and that Spivey fails to state a claim for relief against the defendant jail authorities. Therefore, I will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). As a jail is not a "person" subject to suit under § 1983, Spivey cannot maintain his action against HADF and LADF. *See McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890 (E.D. Va. 1992).

Further, Spivey has failed to allege facts which state a claim for relief against the defendant jail authorities. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–818 (1985). Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Spivey has failed to allege that any official policy of either the Southwest Virginia Regional Jail Authority or the Blue Ridge Regional Jail Authority was responsible for the constitutional violations or injuries Spivey allegedly suffered.[1] Accordingly, I find that Spivey has failed to state a claim against the defendant jail authorities. Based on the foregoing, I will dismiss Spivey's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 10th day of February, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] I note that nothing in its decision today precludes Spivey from bringing an action against those individuals he claims violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.